**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DOLPHIN COVE INN, INC.,

      Plaintiff,

v.                                            Case No. 3:19-cv-1018-J-34JRK

THE VESSEL OLYMPIC JAVELIN, her
engines, tackle, apparel, furniture and
furnishings, equipment, and appurtenances,
in rem; and SOUTHERN MARINE
SERVICES, INC., FREDERICK GATCHELL,
and MARK TARLOWSKI in personam,

      Defendants.

## O R D E R

This cause is before the Court on the Motion for Default Judgment Against Defendants The Vessel Olympic Javelin, Southern Marine Services, Inc., and Frederick Gatchell (Doc. No. 28; "Motion"), filed January 7, 2020. Plaintiff initiated this action by filing a Verified Complaint (Doc. No. 1) on August 29, 2019. Defendants The Vessel Olympic Javelin, Southern Marine Services, Inc. ("Southern Marine"), and Frederick Gatchell were served with process on September 12, 2019. See Affidavits of Process Server (Doc. No. 19-2). Thereafter, the Motion was filed.

Plaintiff has not effected service of process on Defendant Mark Tarlowski or dismissed its claims against him.[1] Consequently, on July 6, 2020, the Court entered an Order to Show Cause (Doc. No. 44) directing Plaintiff to show cause why the claims

---

[1] The Motion does not seek entry of default judgment against Mr. Tarlowski.

against Mr. Tarlowski should not be dismissed without prejudice for failure to prosecute pursuant to Rule 3.10, Local Rules, Middle District of Florida.

On July 13, 2020, Plaintiff filed a Response to Order to Show Cause and Ex Parte Application for Order Authorizing Alternate Service of Process on Defendant Tarlowski Pursuant to Federal Rule of Civil Procedure 4(f)(3) and Memorandum of Law (Doc. No. 45; "Motion for Alternate Service"). In the Motion for Alternate Service, Plaintiff requests that the Court allow service of process via email because Mr. Tarlowski "cannot with reasonable diligence be found and served in any other manner specified in the Federal Rules of Civil Procedure, and [he] is knowingly avoiding service of process." Motion for Alternate Service at 1.

As noted in the Order to Show Cause, entering default judgment against Southern Marine and Mr. Gatchell at this time (with claims pending against Mr. Tarlowski) has the potential to result in inconsistent judgments. Order to Show Cause at 1 n.1. Entry of a default judgment may be inappropriate if it will result in inconsistent judgments. See Frow v. De La Vega, 82 U.S. 552 (1872); Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., 740 F.2d 1499, 1512 (11th Cir. 1984); State Farm Mut. Auto. Ins. Co. v. Fam. Practice & Rehab, Inc., No. 6:18-cv-223-Orl-28LRH, 2019 WL 8273644, at *2 (M.D. Fla. Dec. 20, 2019) (unpublished); Rodriguez v. Guacamole's Authentic Mexican Food & More, LLC, No. 11-62527-CIV, 2012 WL 718688, at *2 (S.D. Fla. Mar. 6, 2012) (unpublished). The possibility of inconsistent judgments may arise when defendants are jointly and severally liable or have closely related defenses. Rodriguez, 2012 WL 718688, at *2. Accordingly, the Court finds it appropriate to defer ruling on the Motion pending resolution of the issue regarding service of process on Mr. Tarlowski.

Based on the foregoing, it is

**ORDERED**:

1. Ruling on the Motion for Default Judgment Against Defendants The Vessel Olympic Javelin, Southern Marine Services, Inc., and Frederick Gatchell (Doc. No. 28) is **DEFERRED** until resolution of the issues raised in the Response to Order to Show Cause and Ex Parte Application for Order Authorizing Alternate Service of Process on Defendant Mark Tarlowski Pursuant to Federal Rule of Civil Procedure 4(f)(3) and Memorandum of Law (Doc. No. 45).

2. A videoconference hearing is set on the Motion for Alternate Service. **The hearing will take place via Zoom** before the undersigned on **MONDAY, AUGUST 17, 2020 at 2:00 p.m.** Counsel of record most familiar with the issues raised in the Motion for Alternate Service shall participate. The Clerk of Court will transmit instructions for joining the video conference by separate email to the required participants. Should any of the participants be unable to appear via Zoom, **with advance notice to the undersigned's courtroom deputy**, those participants are **permitted to appear telephonically** and shall call the Court's teleconferencing service at 1-888-684-8852 at least five minutes before the hearing is scheduled to begin. The access code is 2745123; the security code is 0715.[2]

Participants are reminded that, under Local Rule 4.11(b), the taking of photographs, the operation of recording or transmission devices, and the broadcasting or televising of proceedings in any courtroom or hearing room of this Court, or the environs thereof, either while the Court is in session or at recesses between sessions when Court officials,

---

[2] All participants shall have this telephone conferencing information readily available during the hearing in case technical difficulties make the Zoom conference impractical (in which case, the Court may proceed via telephone).

- 3 -

- 4 -

lawyers, jurors, witnesses or other persons connected with judicial proceedings of any kind are present, are prohibited. Additionally, all participants involved in the proceeding are expected to dress appropriately.

**DONE AND ORDERED** in Jacksonville, Florida on July 16, 2020.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of Record