**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DOLPHIN COVE INN, INC.,

    Plaintiff,

v.   Case No. 3:19-cv-1018-J-34JRK

THE VESSEL OLYMPIC JAVELIN, her engines, tackle, apparel, furniture and furnishings, equipment, and appurtenances, in rem; and SOUTHERN MARINE SERVICES, INC., FREDERICK GATCHELL, and MARK TARLOWSKI in personam,

    Defendants.

## O R D E R

### I. Status

This cause is before the Court on the Response to Order to Show Cause and Ex Parte Application for Order Authorizing Alternate Service of Process on Defendant Tarlowski Pursuant to Federal Rule of Civil Procedure 4(f)(3) and Memorandum of Law (Doc. No. 45; "Motion for Alternate Service"), filed July 13, 2020.

Plaintiff initiated this action by filing a Verified Complaint (Doc. No. 1; "Complaint") on August 29, 2019. Defendants The Vessel Olympic Javelin ("the Vessel"), Southern Marine Services, Inc. ("Southern Marine"), and Frederick Gatchell were served with process on September 12, 2019. See Affidavits of Process Server (Doc. No. 19-2). On January 7, 2020, Plaintiff filed a Motion for Default Judgment Against Defendants the Vessel, Southern Marine, and Mr. Gatchell (Doc. No. 28; "Motion for Default Judgment").

As explained in more detail below, Plaintiff attempted to serve Defendant Mark Tarlowski but was unsuccessful. Consequently, on July 6, 2020, the Court entered an Order to Show Cause (Doc. No. 44) directing Plaintiff to show cause why the claims against Mr. Tarlowski should not be dismissed without prejudice for failure to prosecute pursuant to Rule 3.10, Local Rules, Middle District of Florida. In response to the Order to Show Cause, Plaintiff filed the Motion for Alternate Service in which it requests that the Court allow service of process via e-mail under Rule 4(f)(3), Federal Rules of Civil Procedure ("Rule(s)"). Plaintiff asserts that Mr. Tarlowski "cannot with reasonable diligence be found and served in any other manner specified in the [Rules], and [he] is knowingly avoiding service of process." Motion for Alternate Service at 1.

Observing that entering default judgment against Southern Marine and Mr. Gatchell at this time (with claims pending against Mr. Tarlowski) has the potential to result in inconsistent judgments, the Court deferred ruling on the Motion for Default Judgment pending resolution of the issue regarding service of process on Mr. Tarlowski. See Order (Doc. No. 46), entered July 16, 2020. The undersigned set a videoconference hearing on the Motion for Alternate Service for August 17, 2020. See July 16, 2020 Order. The hearing was held accordingly, and the Court heard from Plaintiff's counsel.

## **II. Applicable Law**

Rule 4(f) sets forth three methods for serving an individual in a foreign country:

Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

- 2 -

>    (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>>       (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>>       (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>>       (C) unless prohibited by the foreign country's law, by:
>>
>>>          (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>>          (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
>    (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). A plaintiff is not required to attempt service under subsections (1) and (2) before requesting a court order authorizing service under subsection (3). Taser Int'l, Inc. v. Phazzer Elecs., Inc., No. 6:16-cv-366-Orl-40KRS, 2016 WL 7137699, at *2 (M.D. Fla. Nov. 29, 2016) (unpublished); see also, e.g., Brookshire Bros. v. Chiquita Brands Int'l, Inc., No. 05CIV21962COOKEBROWN, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (unpublished) (recognizing that "[t]he invocation of Rule 4(f)(3) . . . is neither a last resort nor extraordinary relief" (citation omitted)).

Courts have broad discretion in allowing service under Rule 4(f)(3). Taser, 2016 WL 7137699, at *2. Nonetheless, "alternate methods of service must fulfill due process requirements." Seaboard Marine Ltd. v. Magnum Freight Corp., No. 17-21815-CIV, 2017 WL 7796153, at *1 (S.D. Fla. Sept. 21, 2017) (unpublished) (citing Chanel, Inc. v. Zhixian, No. 10-CV-60585, 2010 WL 1740695, at *2 (S.D. Fla. Apr. 29, 2010) (unpublished)). Due

process requires that "the method of service crafted by the district court . . . be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Taser, 2016 WL 7137699, at *2 (quoting Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002)).

The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (hereinafter "Hague Convention"), governs service of process abroad. Specifically, the Hague Convention requires each signatory country to designate a "Central Authority" that will receive and process requests for service of documents. Hague Convention, art. 2. The Central Authority is also tasked with serving the relevant document(s) or arranging to have the document(s) served. Id. art. 5. The Hague Convention does not provide for service via e-mail. See generally Hague Convention.

The United States Supreme Court has held that "compliance with the [Hague] Convention is mandatory in all cases to which it applies." Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705 (1988); see also Hague Convention, art. 1 (providing that the Hague Convention applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad . . ."). The Hague Convention, however, does not apply if "the address of the person to be served with the document is not known." Hague Convention, art. 1. In determining whether a defendant's address is unknown, some courts have looked at whether the plaintiff has "put forth reasonable diligence in attempting to discover [the] defendant's address." Backjoy Orthotics, LLC v. Forvic Int'l Inc., No. 6:14-cv-249-Orl-

- 4 -

41TBS, 2016 WL 7664290, at *4 (M.D. Fla. Mar. 7, 2016) (unpublished) (citing Compass Bank v. Katz, 287 F.R.D. 392, 394–95 (S.D. Tex. 2012) (citing cases)); see also Opella v. Rullan, No. 10-21134-CIV, 2011 WL 2600707, at *5 (S.D. Fla. June 29, 2011) (unpublished), report and recommendation adopted, No. 10-21134-CIV, 2011 WL 13220496 (S.D. Fla. Aug. 9, 2011) (unpublished).

### **III. Analysis**

By way of background, this case arises out of an allision that occurred on October 9, 2018 between Plaintiff's docks and the Vessel, which was piloted by Mr. Tarlowski. Complaint at 3 ¶¶ 9-12. In the Motion for Alternate Service, Plaintiff represents that after the allision, Mr. Tarlowski "provided his business card with his contact information, including his phone number and e-mail address (ccaptainmark@gmail.com), to Virginia A. Whetstone . . . , President and Corporate Representative for Plaintiff." Motion for Alternate Service at 2 (citation omitted); see also Affidavit of Virginia A. Whetstone (Doc. No. 45-1) at 1, Ex. A (copy of business card). As noted, Plaintiff commenced this action on August 29, 2019.

Shortly thereafter, a summons on Mr. Tarlowski was issued on September 5, 2019. See Summons in a Civil Action (Doc. No. 15). Plaintiff unsuccessfully attempted to serve Mr. Tarlowski at three different addresses, a total of ten times between September 9, 2019 and October 3, 2019. See Affidavit of Non-Service (Doc. No. 45-2). On October 3, 2020, the process server—Melissa Kesler-Jones—spoke with Mr. Tarlowski on the phone. Affidavit of Non-Service at 2. According to the process server, Mr. Tarlowski stated as follows:

> He was in St. Vincent where he had singed a year[-]long contract and would only be returning to the US periodically. He went on to explain he knew that

> [Ms. Kesler-Jones] was a process server attempting to deliver documents involving a boating accident. He said that he would not notify when he returned to arrange service nor otherwise cooperate and/or voluntary accept service. He would figure out what to do about this when someone is in front of him with the papers.

Id.

Plaintiff argues that Mr. Tarlowski "is actively avoiding personal service of process and his Saint Vincent and the Grenadines ("St. Vincent") address is not known." Motion at 3. Plaintiff contends the Hague Convention does not apply because Mr. Tarlowski's address is unknown. Id. at 5. Plaintiff argues that "although not expressly permitting it, the Hague . . . Convention does not bar e-mail service and courts have routinely authorized such service notwithstanding the foreign country's status as a [Hague] Convention signatory." Id. (citation omitted). Plaintiff also asserts that service by e-mail is reasonable in this case because the "nature of [Mr.] Tarlowski's job [as a ship captain] is to be on the move, not to come home each night to a physical address at one location." Id. at 6.

According to Plaintiff, "[t]he e-mail address provided to [Ms.] Whetstone is a reliable means by which [Mr.] Tarlowski may be apprised of the pendency of this action immediately." Id. at 3. Plaintiff asserts that "[r]ecent e-mails sent to [Mr.] Tarlowski's address were unanswered, but were not bounced back nor returned as undeliverable, thereby demonstrating that they were delivered and the e-mail address is valid and operational." Id. n.1.

As an initial matter, service by e-mail in this case is not "prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Although the United States and St. Vincent are both parties to the Hague Convention, the Hague Convention does not apply in this case. See Status Table, Hague Conference on Private Int'l Law (HCCH),

https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (July 27, 2020). In light of Plaintiff's numerous attempts to serve Mr. Tarlowski at different addresses, the undersigned finds that Plaintiff has exercised "reasonable diligence" in locating Mr. Tarlowski. Backjoy, 2016 WL 7664290, at *4. Accordingly, Mr. Tarlowski's address is not known, and Plaintiff is not required to serve Mr. Tarlowski pursuant to the Hague Convention.

Service of process via e-mail at ccaptainmark@gmail.com is "reasonably calculated . . . to apprise [Mr. Tarlowski] of the pendency of the action and afford [him] an opportunity to present [his] objections.'" Taser, 2016 WL 7137699, at *2. As noted, Plaintiff obtained Mr. Tarlowski's e-mail address from the business card he provided to Ms. Whetstone after the boating accident. Although Mr. Tarlowski has not responded to recent e-mails sent to his e-mail address, the e-mails have not been returned as undeliverable. See Zhixian, 2010 WL 1740695, at *3 (finding e-mails that "did not bounce back presumptively reached [the d]efendant"). Moreover, courts have found service by e-mail satisfies due process requirements. See TracFone Wireless, Inc. v. Bitton, 278 F.R.D. 687, 692, 693 (S.D. Fla. 2012) (collecting cases); U.S. Commodity Futures Trading Comm'n v. Aliaga, 272 F.R.D. 617, 619 (S.D. Fla. 2011) (collecting cases); Zhixian, 2010 WL 1740695, at *3 (collecting cases). The undersigned thus finds that service via e-mail complies with due process requirements.

### IV. Conclusion

Upon due consideration and based on the foregoing, it is

**ORDERED**:

1. The Order to Show Cause (Doc. No. 44) is **DISCHARGED**.

2. The Ex Parte Application for Order Authorizing Alternate Service of Process on Defendant Tarlowski Pursuant to Federal Rule of Civil Procedure 4(f)(3) and Memorandum of Law (Doc. No. 45) is **GRANTED**.

3. No later than **August 24, 2020**, Plaintiff shall effect service of process on Defendant Mark Tarlowski via e-mail at ccaptainmark@gmail.com and shall file proof of service. **Failure to comply may result in dismissal of the claims against Mr. Tarlowski**.

4. If Mr. Tarlowski fails to respond to the Complaint pursuant to the Federal Rules of Civil Procedure, Plaintiff shall promptly apply for an entry of default.

5. If the Clerk of the Court enters default against Mr. Tarlowski, Plaintiff shall promptly file a Motion for Default Judgment against Mr. Tarlowski that incorporates, when appropriate, the arguments set forth in the Motion for Default Judgment Against Defendants The Vessel Olympic Javelin, Southern Marine Services, Inc., and Frederick Gatchell (Doc. No. 28).

**DONE AND ORDERED** in Jacksonville, Florida on August 21, 2020.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of Record